IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RIFE, | Civil No. 1:08-CV-00314 |
| Plaintiff, | |
| v. | JUDGE SYLVIA H. RAMBO |
| BOROUGH OF DAUPHIN, JOSEPH WYNN, JOHN REICHARD, JR., JOHN WINDISH, and TERRY SEARIGHT, | |
| Defendants. | |

## **M E M O R A N D U M**

Before the court is Defendants' motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and Rule 12(b)(6) for failure to state a claim. For the reasons that follow, the motion will be granted in part and denied in part.

**I.      Background**

Plaintiff, former Chief of Police of the Borough of Dauphin, filed the instant complaint against the named defendants, alleging violations of Plaintiff's rights under the First and Fourteenth Amendment of the United States Constitution, Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, 43 Pa. Con. Stat. Ann.§ 951, *et seq.* ("PHRA"). (Doc. 1 ¶ 1.)  Plaintiff seeks damages, including compensatory damages, back pay, "front pay," and reasonable attorney fees as well as punitive damages from the individual defendants.

The following facts are drawn from Plaintiff's complaint and taken to be true for the purpose of Defendants' motion to dismiss. Plaintiff's claims arise out

of an alleged dispute between Plaintiff and Defendants over the hiring of an African-American police officer.  (*Id.* ¶ 10.)  In August of 2006 during a Borough of Dauphin ("Dauphin") Council meeting, Plaintiff proposed and advocated for the hiring of an African-American police officer.  (*Id.*)  The council "delayed" review of the applicant.  (*Id.* ¶ 8.)  According to Plaintiff's complaint, during the period of delay, Defendant Councilman Joseph Wynn frequently used the expression "There is a nigger in the wood pile" and referred to African-Americans as "niggers" and "darkies."  (*Id.* ¶ 9–10.)  Plaintiff's complaint alleges that Wynn referred to African-Americans residing in the Borough of Dauphin as "niggers" and stated, "We need to send them back to Harrisburg."  (*Id.* ¶ 11.)  Plaintiff alleges that Wynn made the comments to express opposition to hiring the applicant and to deter Plaintiff's support of the applicant.  (*Id.* ¶ 12.)

On November 8, 2006, the Council approved hiring the applicant after a "heated discussion" in which Plaintiff "vigorously advocated" hiring the applicant.  (*Id.* ¶ 13.)  On the following day, Defendant Councilman John Windish circulated an email to every Council member and Plaintiff that criticized Plaintiff's participation in Council meetings as well as his performance as Chief of Police.  (*Id.* ¶ 14–15.)

Thereafter, the Defendants began a campaign of humiliating Plaintiff and undermining his capacity to perform his duties as Chief of Police.  (*Id.* ¶ 16–23.)  The Council barred Plaintiff from attending Council meetings, an action that had never previously been taken against a Chief of Police.  (*Id.* ¶ 16–17.)  From December 2006 until February 2007, the Council required Plaintiff to punch a time clock, a requirement that had never been previously imposed on a Chief of Police.  (*Id.* ¶ 18–19.)  The Council took steps to interfere with Plaintiff's ability to conduct

police related interviews in his office and in privacy.  (*Id.* ¶ 20.)  Council President John Reichard read a letter at a public Council meeting criticizing Plaintiff.  (*Id.* ¶ 21.)  Subsequent to this alleged campaign against Plaintiff, Defendant Mayor Terry Searight sent Plaintiff a letter dated February 20, 2007, which suspended Plaintiff from his position as Chief of Police.  (*Id.* ¶ 22.)

On February 20, 2008, Plaintiff filed a complaint pursuant to 42 U.S.C. §§ 1983 and 1985, Title VII, and the PHRA.  On April 23, 2008, Defendants moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6).  (Doc. 6.)  On May 7, 2008, Defendants filed a brief in support of their motion to dismiss.  (Doc. 8.)  On May 27, 2008, Plaintiff filed a brief in opposition to Defendants' motion.  (Doc. 12.)  Defendants filed a reply brief on June 10, 2008.  (Doc. 13.)  Accordingly, Defendants' motion is ripe for disposition.

**II.**      **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)**

Defendants seek to dismiss Plaintiff's claims under Title VII and the PHRA pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  "A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of plaintiff's complaint."  *Vieth v. Pennsylvania*, 188 F. Supp. 2d 532, 537 (M.D. Pa. 2002).  Dismissal for lack of jurisdiction is appropriate where the right claimed is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."  *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir.1987).  "A Rule 12(b)(1) motion is usually considered an appropriate vehicle when the plaintiff has failed to exhaust administrative remedies that are a

prerequisite to his suit." *Johnson v. United States*, 147 F.R.D. 91, 94 (E.D. Pa. 1993) (citing 5A, C. Wright and A. Miller, Federal Practice and Procedure: Civil 2d § 1350 at 195 (1990)); *accord Artis v. Greenspan*, 474 F. Supp. 2d 16, 17 (D.D.C. 2007) ("Failure to exhaust their administrative remedies deprives a district court of subject matter jurisdiction."). It is well settled that claimants must exhaust prior administrative remedies and procedures under both Title VII and PHRA before bringing a civil action in court. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 469 (3d Cir. 2001).

Plaintiff has failed to plead exhaustion of administrative remedies and procedures. This failure prevents the court from hearing this claim until the Plaintiff amends the complaint to allege exhaustion of administrative remedies and procedures under Title VII and the PHRA.[1]

### III.     **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**
####     A.    **Legal Standard**

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case—some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to

---

[1] Defendants cite no authority supporting their suggestion that the court is required to dismiss Plaintiff's claims under Title VII and PHRA with prejudice. *See* Fed. R. Civ. P. 15(a) ("The court shall freely give leave [to amend] when justice so requires.")

relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "A situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id.* A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Twombly*, 127 S. Ct. at 1965. *Accord Phillips*, 515 F.3d at 238–39; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (ruling that the court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation") (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

      A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). *Accord Phillips*, 515 F.3d at 233. If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Twombly*, 127 S. Ct. at 1965, 1974; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Caroll*, 495 F.3d 62, 66 (3d Cir. 2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Twombly*, 127 S. Ct. at 1965.

"The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116–17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

### B. Discussion

Defendants put forth several arguments for dismissing Plaintiff's remaining claims for failing to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). First, Defendants argue that the complaint fails to state a claim against Defendant Reichard. Second, Defendants argue that the complaint "fails to demonstrate" that the Defendants deprived him of his rights under the First and Fourteenth Amendment to the United States Constitution. Third, Defendants argue that Plaintiff failed to "establish" conduct by Dauphin sufficient to allege a claim of deprivation of civil liberties. Fourth, Defendants argue that the complaint fails to allege sufficient facts to state a conspiracy claim under § 1985. Fifth, Defendants argue that qualified immunity shields the individual defendants from immunity. The court will address these arguments individually.

### 1. **Defendant Reichard**

Defendants argue that Plaintiff has (1) failed to allege any facts supporting a claim against Defendant Reichard and (2) has failed to name Defendant Reichard in any specific count. The court does not find Defendants' first argument persuasive. Plaintiff's complaint alleges that Defendant Reichard participated in the retaliation against Plaintiff for advocating the hiring of an African-American by drafting and reading a letter criticizing Plaintiff at a Council meeting. (Doc. 1 ¶¶ 5, 21). Nonetheless, Defendants correctly point out that Plaintiff's complaint does not specifically name Defendant Reichard under any count. Therefore, the court will grant Defendants' motion to dismiss with regard to Defendant Reichard. Plaintiff, however, can easily cure this deficiency by amending the complaint.

### 2. **First Amendment Retaliation Claim**

Defendants argue that Plaintiff "fails to demonstrate" that Defendants' conduct violated Plaintiff's rights under the First Amendment. "The Supreme Court has explicitly held that an individual has a viable claim against the government when he is able to prove that the government took action against him in retaliation for his exercise of First Amendment rights." *Anderson v. Davila*, 125 F.3d 148, 160 (3d Cir. 1997) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)). A public employee may bring a claim under 42 U.S.C. § 1983 to enforce First Amendment rights where (1) he spoke on a matter of public concern, (2) his interest in that field outweighs the government's concern with the effective and efficient fulfillment of its responsibility to the public, (3) the speech caused the retaliation, and (4) the adverse employment decision would not have occurred but for the speech. *Fogarty v. Boles*, 121 F.3d 886, 888 (3d Cir. 1997).

Plaintiff's complaint alleges that Defendants humiliated him and undermined his ability to fully execute his duties as Chief of Police in retaliation for advocating the hiring of an African-American police officer. According to the complaint, prior to the applicant being hired, Defendant Wynn attempted to dissuade Rife from supporting the applicant because of the applicant's race. Plaintiff's complaint alleges that the day after Plaintiff "vigorously advocated" for the applicant at a Council meeting, Defendants began a campaign against Plaintiff in which they repeatedly publicly insulted Plaintiff, required Plaintiff to punch a time clock, prevented Plaintiff from conducting official police business, and eventually suspended Plaintiff.

Defendants' suggestion that Plaintiff "fails to demonstrate" a violation of Plaintiff's rights under the First Amendment misses the point of a motion to dismiss. At the pleading stage the Federal Rules of Civil Procedure require only that Plaintiff allege a short statement showing entitlement to relief. Fed. R. Civ. P. 8(a). Here, Plaintiff has set forth in the complaint a set of facts sufficient to give rise to the inference that Defendants violated Plaintiff's First Amendment rights.

### 3. **Fourteenth Amendment Due Process Claim**

Plaintiff's complaint alleges that Plaintiff had a property right in his employment and that the Defendants deprived Plaintiff of due process by denying him an opportunity to present witnesses and cross-examine Council witnesses during the suspension hearing. Defendants set forth a two-part attack on these allegations. First, Defendants argue that Plaintiff has "failed to allege or identify the basis, if any, of his protected property interest which triggers any procedural due process guarantees," because Plaintiff voluntarily resigned—thereby relinquishing any

property interest. Second, Defendants argue that the Council conducted a hearing to review Plaintiff's appeal of his suspension, which satisfied the constitutional due process mandate.

The first issue is whether Plaintiff has alleged deprivation of a property interest. Resolution of this issue turns on whether Plaintiff had a property right in continued employment. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985). If Plaintiff had a property right, the Defendants could not deprive Plaintiff of that right without due process. *Id.* As the Supreme Court has noted, "Property interests are not created by the Constitution, 'they are created and their dimensions defined by existing rules or understandings that stem from an independent source such as state law . . . .' " *Id.* (citing *Bd. of Regents v. Roth*, 408 US. 564, 577 (1972)). Pennsylvania has established such a right for any "person employed as a regular full time police officer in any police department of . . . any borough . . . ." 53 Pa. Cons. Stat. Ann. § 812. The right bars suspension except for limited reasons and specifically excludes removal for "religious, racial, or political reasons." *Id.* Plaintiff had a clear legal right to continued employment.

The question remains, however, whether Plaintiff relinquished that right by resigning prior to the completion of his suspension hearing. While "[e]mployee resignations . . . are presumed to be voluntary," *Leheny v. City of Pittsburgh*, 183 F.3d 220, 227 (3d Cir. 1999), at the pleadings stage a plaintiff must merely give "fair notice"of what the claim is and need not satisfy any evidentiary burden. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–512 (2002) (explaining that in "a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case"). Here, Plaintiff's complaint alleges that Defendants

constructively discharged him, thereby depriving him of his property interest in continued employment. Plaintiff's allegations, read in the most favorable light, suggest that Defendants retaliated against Plaintiff for supporting the hiring of an African-American and subsequent to this retaliation suspended him and conducted a suspension hearing under pretext. In other words, Plaintiff alleges that he never relinquished his property interest and that Defendants deprived him of that interest by forcing him to resign.

Plaintiff's complaint further alleges that Defendants deprived Plaintiff of continued employment by denying him the opportunity to present witnesses and cross-examine witnesses at the suspension hearing. State courts have held that "[a]n administrative hearing to remove or to suspend a tenured police officer must comport with fundamental fairness guaranteed by the due process clause." *See, e.g.,* Nuss *v. Falls Twp.*, 491 A.2d 971, 973 (Pa. Commw. Ct. 1985). These courts have found that due process generally requires, at a minimum, that a tenured police officer must be (1) advised of the charges pending against him, (2) given a fair hearing on those charges, and (3) afforded the opportunity to cross-examine adverse witnesses. *Id. See also Chobert v. Unemployment Compensation Bd. of Review*, 484 A.2d 223, 225 (Pa. Commw. Ct. 1984). Plaintiff has alleged that the Council denied him the opportunity to cross-examine witnesses at the suspension hearing. This allegation suffices to survive a motion to dismiss.

Still Defendants argue that Plaintiff resigned during the suspension hearing and that but for Plaintiff's resignation he would have been afforded the opportunity to cross-examine witnesses. None of the facts supporting Defendants' arguments are apparent from the face of the pleadings. The court cannot adopt the

Defendants' recitation of the facts at this stage of the litigation. Accordingly, the court denies Defendants' motion to dismiss Plaintiff's due process violation claims.

### 3. Municipal Liability

Defendants argue that "to prove" municipal liability under § 1983 Plaintiff "must establish" an unconstitutional implementation or execution of a municipal policy or custom deprived him of civil rights. Defendants argue that Plaintiff's complaint "fails to demonstrate" such a deprivation and point the court to *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). Plaintiff, however, need not establish nor prove nor demonstrate anything at the pleading stage. Plaintiff need allege sufficient facts to place the Defendants on notice. *Twombly*, 127 S. Ct. at 1964. Defendants do not present any arguments suggesting that Plaintiff has failed to satisfy this pleading standard.[2]

### 4. Section 1985(3) Civil Rights Conspiracy Claims

Defendants argue that Plaintiff's complaint fails to state a claim under § 1985(3) against Defendants Wynn, Windish, and Searight ("Individual Defendants"). Section 1985(3) prohibits conspiracies to deprive a "person or class of persons of the

---

[2] Although municipalities and other local government entities may not be held liable under § 1983 under a theory of vicarious liability or *respondeat superior*, a municipality may be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be said to represent official policy, inflicts the injury . . . ." *Monell*, 436 U.S. at 694. Plaintiff alleges that Dauphin, through its Council members, publicly humiliated Plaintiff, required Plaintiff to punch a time clock, and prevented Plaintiff from conducting official police business—punishments never previously imposed on a Chief of Police. Plaintiff alleges the Council members engaged in this conduct to retaliate against him for his advocacy of an African-American applicant for a public position. Plaintiff sets forth several specific allegations that a Council member used racist comments to dissuade Plaintiff from this advocacy. These facts raise a plausible inference that race motivated Dauphin's official policies. *See D'Altilio v. Dover Twp.*, No. 1:06-CV-1931, 2008 WL 3925833, at *5 (M.D. Pa. Aug. 21, 2008) (denying defendant's motion to dismiss claims against township where "a history of discriminating remarks" and unique treatment of public works director raised a plausible inference that "ethnic disdain" motivated conduct).

equal protection of the laws . . . ." 42 U.S.C. § 1985(3). To state a claim under § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber v. Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (citing *Griffin v. Breckenridge*, 403 U.S. 88 (1971)). Defendants challenge Plaintiff's complaint on several grounds, only one of which warrants discussion.[3]

Defendants argue that because Dauphin and its officials—Individual Defendants—are a single entity they cannot conspire. Defendants' argument rests on the extension of the "intracorporate conspiracy doctrine" to claims asserted against municipalities and their public officials acting in their official capacities. *Aardvark Child Care and Learning Ctr., Inc., v. Twp. of Concord,* 401 F. Supp. 2d 427, 450 (E.D. Pa. 2005) (finding that "a public entity and its officials are a single entity, and thus, incapable of conspiracy"); *Scott v. Twp. of Bristol*, No. 90-CV-1412, 1990 WL 178556, at *7 (E.D. Pa. Nov. 14, 1990) (same).

Under the "intracorporate conspiracy doctrine" a corporate entity cannot "conspire with one who acts as its agents." *Bair v. Purcell*, 500 F. Supp. 2d 468, 501 n.28 (M.D. Pa. 2007) (citing *Gen. Refractories v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313 (3d Cir. 2003)). Moreover, "where employees or agents for the corporation

---

[3] Defendants also argue that Plaintiff fails to allege (1) an overt act, (2) a class based discriminatory animus, and (3) a federally protected right. Plaintiff's complaint clearly alleges that Defendants Wynn, Windish, and Searight violated his First Amendment rights by retaliating against him to punish his advocacy of hiring an African-American.

act within the scope of their employment or agency, the employees, the agents and the corporation are one and the same; there is no third party." *Id.*  Some courts have extended the "intracorporate conspiracy doctrine" to apply to township officials acting in their official capacities.  *See, e.g.*, *Buschi v. Kirven*, 775 F.2d 1240 (4th Cir. 1985); *Herrmann v. Moore*, 576 F.2d 453; *Aardvark Child Care,* 401 F. Supp. 2d at 450; *Scott*, 1990 WL 178556, at *7.  *But see Gregory v. Chehi*, 843 F.2d 111, 118 (3d Cir. 1988) ("We further note that some doubt exists whether township officials, acting within their official capacities, may enter into an actionable conspiracy with their municipality."); *Novotny v. Great Am. Fed. and Loan Ass'n*, 584 F.2d 1235, 1259 (3d Cir. 1978), *vacated on other grounds*, 442 U.S. 366 (1979) (finding that "neither considerations of policy nor force of precedent require adherence . . . [to] the rule that concerted action among corporate officers and directors cannot constitute a conspiracy under § 1985(3)").

However, even where courts have extended the intracorporate conspiracy doctrine to a public entity and its employees, they have found the doctrine inapplicable when individual defendants are alleged to have been "motivated by any independent personal stake in achieving the [organization's] objective."  *See, e.g.*, *Spector v. Bd. of Trustees of Community-Technical Colleges*, 463 F. Supp. 2d 234, 251 (D. Conn. 2006) (citing *Girard v. 94th St. and Fifth Ave. Corp.*, 530 F.2d 66, 72 (2d Cir. 1976)).

Plaintiff's complaint in the instant case alleges a conspiracy among Individual Defendants and does not allege violations under § 1985 by Dauphin. Therefore, even if the court were to extend the intracorporate conspiracy doctrine, the Plaintiff could, nonetheless, allege a claim against Individual Defendants to the

extent they were motivated by an independent personal stake. Whether Individual Defendants were motivated by independent personal stake is a factual issue not appropriately resolved at the pleadings stage. *Spector*, 463 F. Supp. 2d at 251 ("It would be premature for the court to conclude that the plaintiffs could prove no set of facts which tend to establish that some of the defendants were motivated by personal motives."). At this stage in the litigation, Plaintiff need only allege sufficient facts to put Defendants on notice of Plaintiff's claim under § 1985 and the ground upon which it rests.

### 5. Qualified Immunity

Defendants argue that qualified immunity shields Individual Defendants from liability. "[G]overnment officials performing discretionary functions generally are granted a qualified immunity and are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Wilson v. Layne*, 526 U.S. 603, 609 (1999). The immunity attaches when a defendant shows that (1) the plaintiff has failed to demonstrate a "deprivation of an actual constitutional right" or (2) the right at issue was not "clearly established at the time of the alleged violation." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

The court concludes that Defendants have failed to establish qualified immunity at this early stage in the litigation. Defendants set forth a string of conclusory statements and cite exclusively to summary judgment cases. The

pleadings stage is not the time to resolve complex factual disputes, and Plaintiff's complaint sets forth sufficient allegations to infer that discovery will reveal that Defendants were not entitled to qualified immunity for their acts.

### 6. Other Arguments

The court has reviewed Defendants' remaining arguments and finds they lack merit.

### C. Leave to Amend Claims

The court finds that granting Plaintiff leave to amend his complaint to include Defendant Reichard and to plead exhaustion of administrative procedures under Title VII and PHRA would not be futile. Accordingly, the court will grant leave to amend Plaintiff's civil rights complaint. *Alston,* 363 F.3d at 236.

### III. Conclusion

For the foregoing reasons, the Defendants' motion to dismiss is denied in part and granted in part. An appropriate order will follow.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: September 8, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN RIFE,** | : Civil No. 1:08-CV-00314 |
| **Plaintiff,** | : |
| v. | : **JUDGE SYLVIA H. RAMBO** |
| **BOROUGH OF DAUPHIN, JOSEPH WYNN, JOHN REICHARD, JR., JOHN WINDISH, and TERRY SEARIGHT,** | : |
| **Defendants.** | : |

## **O R D E R**

In accordance with the foregoing discussion, **IT IS HEREBY ORDERED THAT**:

1) Defendants' motion to dismiss Plaintiff's complaint (Doc. 1) is **DENIED** in part and **GRANTED** in part as follows:

    a) Plaintiff's claims under Title VII and PHRA are **DISMISSED WITHOUT PREJUDICE**.

    b) Defendants' motion to dismiss Defendant Reichard is **GRANTED** with permission for plaintiff to file an amended complaint.

    c) In all other respects, Defendants' motion is **DENIED**.

2) Plaintiff is granted **LEAVE TO FILE AN AMENDED COMPLAINT** remedying the claims that have been dismissed without prejudice no later than twenty days from the date of this order. If Plaintiff opts not to file an amended complaint, this action will proceed upon the first complaint, absent the claims dismissed herein.

                                                      s/Sylvia H. Rambo
                                                      SYLVIA H. RAMBO
                                                      United States District Judge

Dated: September 8, 2008.